CYNTHIA L. JOHNSON, (Bar No. 014492)
Law Office of Cynthia L. Johnson
11640 East Caron Street
Scottsdale, AZ 85259
Phone: (480) 381-7929
Fax: (480) 614-9414

Email: cynthia@jsk-law.com

*Attorney for Secured Creditor*

THIS ORDER IS APPROVED.

Dated: December 15, 2017

Scott H. Gan, Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| In Re: | Chapter 7 |
|---|---|
| **DESERT VALLEY STEAM CARPET CLEANING LLC,** | Order<br>Case No. 4:17-bk-13309-SHG |
| **Debtor.** | (601 North D Street, Eloy, AZ 85131) |

This matter comes before the Court as a result of the agreement set forth below between the Trustee, Stanley J. Kartchner, for the bankruptcy estate and the secured creditor, Atlas Residential, LLC (herein referred to as "Atlas" or "Lender"). The parties having evidenced, by their respective counsels' signatures below, their stipulation and agreement to the terms and conditions of this Stipulated Order allowing the secured creditor to collect rents and manage the apartment complex, and the entry by this Court of this order containing such terms, there Court hereby finds, concludes and orders as follows:

I. **FINDINGS**.

1. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §157 (b)(2)(G).

2. Debtor filed its Chapter 7 bankruptcy petition on November 8, 2017 (the "Petition Date").

3. The secured creditor, Atlas Residential LLC, is the beneficiary on a certain Deed of Trust and Assignment of Rents, recorded in the Pinal County Recorder's Office at Recorder's Nos.: 2017-031689 and 2017-031690, respectively ("Real Property").

4. Debtor is the present record title holder of the Real Property. The Real Property is a 13 unit apartment complex, located at 601 North D Street, Eloy, AZ 85131.

5. A pre-petition and post-petition default occurred; and the Lender has the right to collect and receive rents. For this purpose, Atlas Residential LLC has the following rights, powers and authority:

    A. Lender may send notices to any and all tenants of the Real Property advising them of the Assignment and directing all rents to be paid to it or its agent;

    B. Lender may enter upon and take possession of the property, demand, collect and receive from the tenants or from any other persons liable therefor, all of the rents, institute and carry on all legal proceedings necessary for the protection of the property, including such proceedings as may be necessary to recover possession of the property; collect rents and remove any tenant or tenants for other persons from the property;

    C. Lender may enter upon the property to maintain the Real Property and keep the same in repair; to pay the costs thereof and of all services of all

employees, including their equipment; and of all continuing costs and expenses of maintaining the property in proper repair and condition; and also to pay all taxes, assessments and water utilities and the premiums on fire and other insurance effected by the Lender on the property;

   D. Lender may do any and all things to execute and comply with the laws of the State of Arizona and also all other laws, rules, orders, ordinances and requirements of all other governmental agencies affecting the property;

   E. Lender may rent or lease the whole or any part of the Real Property for such term or terms and on such conditions as Lender may deem appropriate;

   F. Lender may engage an agent(s) as Lender may deem appropriate, in Lender's name to rent and manage the property, including the collection and application of rents;

   G. Lender shall not be required to do any of the foregoing acts or things, and the fact that Lender shall have performed one or more of the foregoing acts or things shall not require Lender to do any other specific act or thing.

  6. The costs and expenses incurred by Lender in connection with the Real Property shall be for Debtor's benefit and applied to Debtor's account and Lender may pay such costs and expenses from the rents unless the expense exceeds $2,000 and under such circumstances, shall seek authority from the Trustee before incurring such expense. Lender, in its sole discretion, shall determine the application of any and all rents received it; and any such rents received by Lender which are not applied to such

costs and expenses shall be applied to the indebtedness, pursuant to the loan documents, subject to review and approval of the Bankruptcy Court and Trustee. All expenditures made by the Lender under this Stipulation and not reimbursed from the rights shall become a part of the indebtedness secured by the loan document and shall be payable on demand, with interest at the Note rate and date of the expenditure until paid, subject to Bankruptcy Court approval and Trustee approval.

7. The Trustee and Atlas have entered into this Stipulated Order to (i) preserve the value of the estate asset; (ii) avoid protracted and costly litigation over the collection of rents and maintenance of the property; (iii) adequately protect Atlas from the diminution of its interest in the Real Property; and (iv) the provide the Trustee of assurance that rents are being applied to the loan. The Trustee and Atlas believe this Stipulated Order to be in the best interests of the estate, Atlas and all creditors of the estate.

8. All post-petition rents (November and December 2017) collected by Debtor, or Debtor's principal, Victor Granado, shall be immediately turned over to Lender.

9. Except as provided in this Order, entry of this Order shall in no way impair or otherwise affect the respective rights and claims of Atlas to the Collateral under its Note and Deed of Trust (the "Loan Documents") or under applicable law, as those rights existed as of the Petition Date.

Pursuant to these Findings, the Court orders as follows:

A. Atlas is granted all rights, powers and authority as stated in paragraphs 5(A-G) and 6 herein.

B. All post-petition rents (December 2017) collected by Debtor, or Debtor's principal, Victor Granado, shall be immediately turned over to Lender.

C. Pursuant to the agreement of the parties, the automatic stay is still in full force and effect.

D. Except as expressly set forth herein, this Stipulated Order shall not operate as an adjudication of adequate protection or any other related rights asserted by any party in interest under 11 U.S.C. §§ 361, 362, or 363. Further, this Order shall not prevent Atlas from moving for or obtaining any appropriate relief in this case, including the request of additional adequate protection of its interest and shall not prevent the Trustee from objecting to the claim of the Lender in the future

E. Except as expressly provided in this Order, the terms and conditions of Atlas's Loan Documents shall remain in full force and effect, and Atlas shall have all of its rights and remedies thereunder, subject to the provisions of the Bankruptcy Code and any orders of this Court.

F. The terms and provisions of this Stipulated Order and all stipulations and agreements by the parties affected hereby may not be modified except in writing, executed by each of the parties, and approved by the Court unless otherwise provided herein;

G. The statements contained herein shall not constitute an admission that Atlas is adequately protected;

H.  Nothing contained herein shall constitute a waiver or modification of the terms of the Loan Documents;

I.  This Stipulated Order may be executed in counterparts, all of which together shall constitute one complete agreement and order.  Signatures sent by facsimile transmission shall be effective in all respects as originals.

**DATED** THIS \_\_\_\_ day of December, 2017.

_____
The Honorable Scott H. Gan
U.S. Bankruptcy Judge

Approved and Agreed to this
___ day of December, 2017:

**LAW OFFICE OF LANE & NACH, P.C.**

By: _____
 Adam B. Nach,
*Attorney for Stanley J. Kartchner, Chapter 7 Trustee*

**LAW OFFICE OF CYNTHIA L. JOHNSON**

_____
Ms. Cynthia L. Johnson
*Counsel for Secured Creditor Atlas*