# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

# Minute Entry

## Hearing Information:

|  |  |
|---|---|
| **Debtor:** | DESERT VALLEY STEAM CARPET CLEANING LLC |
| **Case Number:** | 4:17-BK-13309-SHG    **Chapter:** 7 |
| **Date / Time / Room:** | THURSDAY, JANUARY 18, 2018 02:30 PM   COURTROOM 329 |
| **Bankruptcy Judge:** | SCOTT H. GAN |
| **Courtroom Clerk:** | TERESA MATTINGLY |
| **Reporter / ECR:** | ALICIA JOHNS |

## Matter:

FINAL HEARING ON MOTION FOR RELIEF FROM STAY ON BEHALF OF ATLAS RESIDENTIAL, LLC FILED BY CYNTHIA L. JOHNSON OF LAW OFFICE OF CYNTHIA JOHNSON ON BEHALF OF ATLAS RESIDENTIAL, LLC . (set at hrg held 12/13/17)

**R / M #:**   9 / 0

## Appearances:

MATTHEW FANKHAUSER, ATTORNEY FOR DESERT VALLEY STEAM CARPET CLEANING LLC
JOEL NEWELL, ATTORNEY FOR STANLEY J KARTCHNER
CYNTHIA L. JOHNSON, ATTORNEY FOR ATLAS RESIDENTIAL LLC

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

# Minute Entry

(continue)...    4:17-BK-13309-SHG          THURSDAY, JANUARY 18, 2018 02:30 PM

## *Proceedings:*

Mr. Newell advises that upon review of the schedules there appear to be four creditors that have unsecured claims. The estate does not have any opposition or objection to modifying the stay so the movant can foreclose on the real property. There are some insurance proceeds from a fire that took place at the real property and all parties will reserve any and all rights, claims and interest to those insurance proceeds to be addressed at a later date.

The Court is hoping the four creditors are not just tenants with security deposit issues.

Mr. Newell clarifies that the unsecured creditors he is referring to are from Schedule F and in addition, there would be the six to eight tenants from Schedule G.

The Court asks Ms. Johnson if she is in agreement with the proposed resolution.

Ms. Johnson confirms she is in agreement. The insurance proceeds are in Atlas's trust account and have not been disposed of. There is another outstanding check written in the name of Atlas, the public adjuster and Mr. Granado. The public adjuster is entitled to twenty-five percent of that check. That check has not been negotiated and may be over ninety days old. Mr. Granado also has a personal bankruptcy in front of Judge Whinery. Ms. Johnson is not clear if the personal check will be dealt with in the Chapter 7 or the Chapter 11. She is in agreement with Mr. Nach to settle the insurance proceeds at a later date. The interest continues to accrue at twenty percent and she thinks the foreclosure needs to take place.

Mr. Fankhauser states that Mr. Granado and the debtor do not agree with Mr. Newell's and Ms. Johnsons' assessment. Mr. Granado believes that when he endorsed the insurance check that he was paying down the debt and there would be equity in the property or he would not be in arrears at all.

The Court inquires if it is Mr. Fankhauser's position that the cash be applied to the debt to create equity in the property so the movant cannot foreclose and Mr. Granado can attempt to take back, buy, or use the property for the business. The Court wants to know how Mr. Granado is worse of if he ends up with a claim to any of the proceeds in either case.

Mr. Fankhauser responds that it is their concern that Atlas will be difficult to work with on the trustee's end with regard to the funds. If Atlas forecloses, they will have no real impetus to deal with the funds in good faith and that might force the trustee into accepting a settlement that he would otherwise not have been interested in.

The Court discusses the possible distribution of the assets and points out that if there is a dispute about how they will be divided up, the debtor will have a right to object.

Mr. Fankhauser thinks that would be correct. The debtor would have the right to object to any settlement the trustee and Atlas may propose.

The Court explains that by filing Chapter 7 the debtor put the trustee in a position to determine what is best for the estate.

Mr. Fankhauser would like a moment to discuss the matter with his client.

At 2:40 p.m. the Court is in recess and 2:49 p.m. the Court reconvenes.

Mr. Fankhauser states his client still has a difficult time believing the insurance funds will be dealt with appropriately once the foreclosure takes place. Mr. Granado will continue to oppose the motion for relief.

The Court discusses the fact that it is not clear the insurance proceeds are property of the business estate and not the individual estate. That determination has not been made yet. It asks if the debtor concedes the debt is more than the value of the real property securing the claim, and if so, then what the basis is for the Court to prevent the creditor from having stay

Page 2 of 4

Case 4:17-bk-13309-SHG    Doc 37    Filed 01/18/18    Entered 01/23/18 09:10:52    Desc
Main Document    Page 2 of 4                                    01/23/2018    9:10:40AM

relief.

Mr. Fankhauser responds that his client would argue that they do not concede the value of the property exceeds the insurance proceeds. The debtor believes there is equity.

The Court asked if it exceeds the value of the real property.

Mr. Fankhauser responds that it is not clear what side the value of the property falls on with regard to the debt. His client has indicated that multiple balances were received from Atlas prior to the filing of the bankruptcy so it is difficult to tell whether there is equity based off the value of the property alone. He has not spoken with Ms. Johnson about this.

The Court wants to know if Mr. Granado will attempt to buy the property when Ms. Johnson's client sells it.

Ms. Johnson states there was a prior sale that did not make it through the close of escrow because there was a lot of personal outstanding debt. There are many judgments against Mr. Granado personally. There was also a quitclaim deed from Mr. Granado to an ex-wife recorded on the property so the title company wanted that paid off prior to close. She adds that there was another buyer prior to the fire but they are no longer available.

The Court thought that Mr. Granado said he wanted to buy the property.

Mr. Fankhauser responds there is a minimum of one offer and an offer from Mr. Granado's son. Mr. Granado thought the reason the initial sale did not close was because the title company was unable to obtain a payoff from Atlas.

The Court thinks it might make sense to continue the hearing for thirty days to allow Mr. Granado to propose a mechanism to buy the property from the estate. Although it does not know if Mr. Granado can do that without the authority of the judge in the other case. There may have to be a determination whether the proceeds are or are not property of the business estate.

Mr. Fankhauser responds that his client would like thirty days to make an offer. The debtor does understand the insurance proceeds may not belong to this particular estate. They will agree to something that would require any purchaser to get approval from the other bankruptcy court to get the funds applied appropriately.

Ms. Johnson thinks the problem is that the debt continues to accrue at twenty percent interest at default. The debtor can get out quickly by just refinancing the property. She understands the debtor wants the insurance proceeds applied to the balance of the loan but she argues that is not the purpose of the insurance proceeds. If there is a successful bidder that will take her client out, there can be an order of the court that the insurance proceeds will have to be brought back to the bankruptcy court for a determination. Statutorily she thinks the trustee would have to say there is an overage and would have to make a deposit to the treasurer's office and at that point, the parties could fight over it.

The Court has reviewed the pleading that opposes stay relief and notes that counsel has indicated that the value of the property is less than the value of the debt owed to Atlas. However, if the creditor has a lien on collateral worth more than the value of the obligation, then the creditor is not entitled to stay relief.

Ms. Johnson thinks her client has established the basis for the relief because the parties should have to litigate where the insurance proceeds money belongs.

The Court struggles with the issue of whether or not there is equity in the real property.

Ms. Johnson responds that it is in the best interest of the estate for the property to go out to foreclosure because of the twenty percent interest that is accruing.

Page 3 of 4

Case 4:17-bk-13309-SHG   Doc 37   Filed 01/18/18   Entered 01/23/18 09:10:52   Desc
Main Document   Page 3 of 4                                     01/23/2018   9:10:40AM

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)...  4:17-BK-13309-SHG         THURSDAY, JANUARY 18, 2018 02:30 PM

The Court finds that is does not appear the estate has an interest in collateral that exceeds the value of the obligation. There is no equity in this estate to prevent foreclosure of the real property. If the insurance proceeds are property of the bankruptcy estate, then there can be a determination about how the proceeds will be divided after application of the obligation owed to Atlas.

Mr. Fankhauser renews his objection.

The Court points out that the problem is, that until there is a determination as to whether the insurance proceeds are property of the estate, there is no equity in the real property for the bankruptcy estate, which is why the trustee has not opposed stay relief.

**COURT: THE COURT HAS DETERMINED THAT THERE IS NO EQUITY FOR THIS BANKRUPTCY ESTATE AND THE TRUSTEE HAS STIPULATED THERE IS NO EQUITY FOR THE BANKRUPTCY ESTATE SO ON THAT BASIS IT IS ORDERED GRANTING THE MOTION FOR RELIEF FROM STAY.** Ms. Johnson to submit a form of order.

The hearing is adjourned.